CROUSE v. SCHOOLCRAFT et al.

(Supreme Court, Appellate Division, Third Department. May 2, 1900.)

1. CHATTEL MORTGAGES—MORTGAGEE'S POSSESSION—FILING NECESSITY—JUDGMENT CREDITOR'S LIEN.

Laws 1897, c. 418, § 90, declares a chattel mortgage void, as against the mortgagor's creditors, where not followed by immediate delivery or change of possession, unless the mortgage is filed as required by statute. *Held,* that where a chattel mortgagee failed to take possession of property or to file his mortgage within two months, a judgment creditor of the mort-

gagor, whose debt existed prior to the execution of the mortgage, was entitled to sell the property on execution, though he did not acquire his judgment until after the filing of the mortgage.

**2. SAME—EXECUTION—LOSS—DUPLICATE EXECUTION—ORDER OF COURT.**
Where a judgment creditor's execution was lost while in the hands of the officer duly authorized to execute the same, the fact that a duplicate execution was issued without order of court, under which the judgment debtor's property was sold, did not render the sale invalid as against a chattel mortgagee of the property who had not taken possession thereof, nor filed the mortgage, as required by Laws 1897, c. 418, for two months, since the issuance of such duplicate execution was a mere irregularity, rendering the same voidable only at the instance of the judgment debtor.

**3. SAME—RETURN.**
The fact that such execution was not regularly returned was immaterial.

Appeal from special term, Schoharie county.

Action by Henry Crouse, as administrator of the personal estate of Walter Crouse, deceased, against William M. Schoolcraft and others, for the conversion of personal property sold under an execution. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

The defendant Albert Getman recovered judgment against one Clark Crouse, August 11, 1898, upon a note given in April, 1887. Such judgment was entered in Montgomery county, and on August 12th a transcript thereof was filed and docketed in Schoharie county. On the same day an execution was issued on such judgment, and delivered to the sheriff of Schoharie county, who passed the same over to the defendant Schoolcraft, as one of his deputies, to be by him executed. Schoolcraft lost such execution before any levy was made, and a duplicate was sent him by the plaintiff's attorney. After receipt of such duplicate, he proceeded to levy the same upon certain personal property which he found in the possession of said Clark Crouse, and subsequently sold it in satisfaction of such judgment. On the 11th of January, 1898, said Clark Crouse executed to Walter Crouse a chattel mortgage upon the property so sold to secure a valid debt then owing from Clark to said Walter Crouse. Such mortgage was not filed until the 8th day of March, 1898, and the property remained in the possession of said mortgagor until the sale aforesaid. The mortgagee, Walter Crouse, commenced an action against these defendants for the unlawful sale and conversion of such property. He subsequently died, and this plaintiff, as his administrator, revived and continued such action. Upon the trial before the court without a jury, the complaint was dismissed, with costs, and from the judgment so entered this appeal is taken.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

L. W. Baxter, for appellant.
Charles Irving Oliver, for respondent Schoolcraft.
Anson Getman, for respondents Norman and Albert Getman.

PARKER, P. J. The chattel mortgage under which the plaintiff claims the property in question was utterly void as against the judgment creditor, Albert Getman. Not having been filed until some two months after its execution, it was void as against Getman from the time it was given, although he was then only a simple contract creditor. The fact that it was filed before Getman obtained a judgment upon his note did not give it validity at and after that date. This is distinctly held in Karst v. Gane, 136 N. Y. 316, 326, 32 N. E. 1073,

and has not, in my judgment, been since overruled or modified. See, also, Thompson v. Van Vechten, 27 N. Y. 568. Although the mortgage was, by force of the statute, void, as against Getman, from the time of its execution, he was not in ·a position to avail himself of that fact, nor to make any claim to the property mortgaged, until by some legal process he had impressed upon it a lien for the amount of his debt. But as soon as he had obtained his judgment, and issued execution to the sheriff, he had acquired that lien; and from that time his right to take possession of the property, and appropriate it to the satisfaction of his debt, was superior to the plaintiff's claim.

It is claimed by the plaintiff that the defendants proceeded in an irregular manner to take and sell the property, and that hence this action may be maintained. There is no dispute but that execution had been regularly issued to the sheriff of Schoharie county on Getman's judgment, and that the defendant Schoolcraft was the sheriff's deputy, and authorized to execute it. From the time of the issuing of such execution, Getman had obtained the lien which authorized him to take the property as against the plaintiff's mortgage. Even if it be conceded that the issuing of the duplicate execution under which the sale was had was an irregularity, nevertheless, the proceeding by defendants was but a taking of this property for the satisfaction of Getman's judgment. It was applied on such judgment, and, the plaintiff's only interest in such property being that which he acquired through this mortgage, he cannot complain of such application, inasmuch as his mortgage, as against such judgment, is utterly void.

If, under the circumstances of this case, the issuing of the duplicate execution was irregular without an order of the court, it but rendered the process voidable at the option of the defendants. It was not void, and hence none but the defendants in the execution could take advantage of such irregularity. It was so decided by the general term in this department in the case of Horton v. Borthwick, reported in 15 Wkly. Dig. 309, 310. That it was, at most, irregular, and not void, see 8 Enc. Pl. & Prac. p. 441.

As to the claim that the execution has never been regularly returned, I do not see that it would in any way affect the plaintiff's rights as a mortgagee if it never is returned.

I conclude that the judgment should be affirmed, with costs. All concur.